## No. 10,431.

### POWELL v. FIRST NATIONAL BANK OF LAFAYETTE.

Decided November 6, 1922.  Rehearing denied December 4, 1922.

Action on promissory note.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  ABATEMENT—*Former Suit Pending.*  To sustain the defense of another suit pending, the former action must be substantially between the same parties.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Messrs. CARLSON & ERICKSON, for plaintiff in error.

Mr. O. A. JOHNSON, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS action was begun February 10, 1921 in the county court of Boulder county by defendant in error against plaintiff in error to recover on the latter's promissory note in the sum of $750.00.  Judgment was entered in favor of

the bank. The cause was appealed to the district court and heard there with the same result. To review that judgment this writ is prosecuted and plaintiff in error asks that it be made a supersedeas.

The proceedings in the county court need not be further noticed. The parties are hereinafter designated as in the original action. The defense was a plea in abatement on the ground of another suit pending. Demurrer thereto was sustained. The correctness of that ruling is the only question before us.

From the answer herein it appears that the former suit was begun February 8, 1921, in the district court of Weld county. It was brought by defendant to cancel the note here in question. Another bank had, through an error, been made a defendant therein instead of this plaintiff. Although more than a year had elapsed between the date of the filing of that action and the trial of this, it does not appear that the alleged error as to parties had ever been corrected or that any attempt had been made to do so. This plaintiff, the owner and holder of said note and the only real party in interest, was not a party to the Weld county suit, the result thereof could not be binding upon it, and no duty devolved upon it to go there and attempt to break into that action.

It is fundamental that to sustain the defense of another suit pending the former action must be substantially between the same parties. Apparent exceptions to this rule are not herein involved.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.